**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 7, 2005
Decided October 27, 2005

**Before**

Hon. JOEL M. FLAUM, *Chief Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 03-3305

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois |
| v. | No. 02 CR 30042 |
| MARK K. VINCENT, *Defendant-Appellant.* | Richard Mills, *Judge.* |

**O R D E R**

A jury convicted defendant-appellant Mark K. Vincent of four counts of wire fraud, two counts of mail fraud, and two counts of making false statements to obtain a loan. On August 8, 2003, the district count sentenced defendant to 46 months imprisonment on each count, to be served concurrently. This sentence was in the middle of the Sentencing Guidelines range of 41 to 51 months. The district court also sentenced defendant to five years supervised release and ordered him to pay $684,475.97 in restitution and an $800.00 special assessment.

Defendant filed a timely notice of appeal. On July 25, 2005, this Court affirmed defendant's convictions, but ordered a limited remand to the district court pursuant to the procedures set forth in *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), to determine whether that court would have imposed the same sentence had it known that the Sentencing Guidelines were advisory. After considering the parties' briefs

and the factors in 18 U.S.C. § 3553(a), the district court issued an opinion stating that it would have imposed the same sentence under an advisory guidelines regime.

Defendant's sole argument is that further remand is necessary because the district court did not give any weight to the "history and characteristics" element of 18 U.S.C. § 3553(a). According to defendant, the district court erred in defendant's initial sentencing by refusing to grant a downward departure based on defendant's alcohol addiction, family ties and responsibilities, and community involvement. Defendant argues that the district court erred on remand by refusing to lower his sentence based on these same factors. Defendant maintains that his sentence therefore is unreasonable.

The government contends that the district court correctly found that defendant's 46-month sentence is reasonable, based on a consideration of the § 3553(a) factors.

We agree with the government. First, the sentence imposed by the district court was properly calculated and within the Sentencing Guidelines range and thus enjoys a presumption of reasonableness. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Defendant does not challenge the district court's determination of this range.

Second, defendant has not identified any basis for finding that the presumption of reasonableness has been overcome in this case. The district court heard the parties' arguments and explicitly found that it would have imposed the same sentence had it understood the Guidelines to be advisory. The district court explained:

> [T]he range of 41 to 51 months properly took into account important sentencing factors, such as the amount of loss, the Defendant's abuse of his position of trust, and the Defendant's perjury at trial. Additionally, the range reflected that the Defendant did not take responsibility for his criminal conduct, instead deciding to go to trial. . . .
>
> . . . In determining that the sentence previously imposed remains the appropriate sentence, the Court has deemed particularly relevant factors such as the seriousness of the Defendant's criminal conduct, the need to provide just punishment and the need to afford adequate deterrence.

*United States v. Vincent*, No. 02-30042, at 5-6 (C.D. Ill. Sept. 27, 2005).

This explanation is sufficient to demonstrate that defendant's sentence was reasonable. The district court was not obligated to provide this Court with a detailed explanation of its consideration of each of the factors listed in §3553(a). Nor was the district court required to accept or give any particular weight to defendant's argument

that he deserves a lower sentence based on his alcohol addiction and family and community commitments. *See United States v. Dean*, 414 F.3d 725, 729-30 (7th Cir. 2005) (judge's duty to consider the statutory factors is not a duty to make findings); *United States v. George*, 403 F.3d 470, 472-73 (7th Cir. 2005) ("Judges need not rehearse on the record all the considerations that 18 U.S.C. § 3553(a) lists; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less."). The district court quite reasonably found that the needs of just punishment and adequate deterrence should be given heavy weight in this case. Defendant's crimes resulted in a loss of almost $700,000 borne by multiple victims, defendant abused his fiduciary position as an attorney and title insurance agent to commit fraud, and defendant attempted to avoid responsibility by lying at trial.

Because the district court would have imposed the same sentence post-*Booker* and because the sentence is reasonable, we conclude that defendant's sentence was not the result of plain error. Accordingly, we AFFIRM the judgment of the district court.